ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ELI J. COHEN (NYBN 5539226)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7234
    Eli.Cohen@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASES NOS. 3:24-CR-00236-SI** |
|     Plaintiff, | **3:24-CR-00589-SI** |
| v. | **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| JEFFREY ADAM CRUM, | Date: December 20, 2024 |
|     Defendant. | Time: 10:30 a.m. |
| | Court: Hon. Sallie Kim |

## INTRODUCTION

A person held in custody for violating supervised release bears "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6); *see* 18 U.S.C. § 3143(a)(1). Defendant Jeffrey Adam Crum ("Crum") stands charged by Second Amended Petition for Warrant for Person Under Supervision ("Form 12 Petition") with eight supervised release violations in Case No. 3:24-CR-00236-SI, and by indictment with one count of Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1) in Case No. 3:24-CR-00589-SI ("Indictment"). He faces maximum sentences of two years and eight years imprisonment, respectively.

The United States now moves this Court to order Crum detained pending further proceedings

pursuant to the Form 12 Petition and separately detained pending trial pursuant to the Indictment. Crum cannot establish by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Instead, there is clear and convincing evidence that Crum poses a danger to any other person or to the community that no condition or combination of conditions can reasonably mitigate, and at least a preponderance of the evidence that he poses a risk of flight that no condition or combination of conditions can reasonably mitigate. This motion is based on the following points and authorities as well as any evidence or argument offered at the detention hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.   Crum's Criminal History

Jeffrey Adam Crum, age 34, has a recorded criminal history that spans over 20 years. It began as early as 2004, when he was just 13 years old and suffered a sustained petition for theft. In 2008, then age 17, Crum suffered a sustained petition for misdemeanor Battery, felony Battery with Serious Bodily Injury, Assault with a Deadly Weapon – Not Firearm: Great Bodily Injury Likely, and Preventing/Dissuading a Witness, and was sentenced to juvenile hall and probation. In 2010, he was convicted of felony Receiving Stolen Property for a vehicle burglary and sentenced to 30 days jail and 36 months probation. This conviction was reduced to a misdemeanor in 2015. In April 2011, he was sentenced to a total of one year jail and 36 months probation for felony narcotics possession for sale and misdemeanor domestic battery. He was also sentenced on the same date to 30 days jail and 36 months probation for a felony concealed weapon in a vehicle charge, resulting from a car stop in which police recovered a loaded handgun from under Crum's seat. Probation was terminated as unsuccessful in March 2013. In April 2013, Crum was sentenced to 64 months prison, fines and fees, and restitution for felony narcotics possession for sale and grand theft. These convictions arose from an incident in which Crum stole an identity to use insurance to pay for a $53,000 surgery, was later caught with numerous Oxycodone pills, and admitted to selling pills in addition to smoking them. Multiple warrants were issued related to this case in 2018.

On November 14, 2018, Utah Highway Patrol rescued Crum from a rolled over vehicle on the highway, from which a female companion had been ejected. Crum misrepresented his identity by giving police a fake name. Troopers discovered that Crum had an outstanding extraditable warrant from

California and searched his vehicle.  Troopers recovered a quarter pound of marijuana, 13 cell phones, a bag of hypodermic needles, a tourniquet, and a bag of prescription pills.  In the trunk of the car, Troopers discovered body armor, two handguns, a disassembled AR-15 rifle, firearm magazines, and ammunition.  Crum was admitted to the hospital, from which he checked himself out against medical advice on November 15, 2018.  Troopers took Crum into custody at a bus station.  During an interview, Crum admitted membership in a white supremacist gang called "Peckerwoods."  Crum ultimately pled guilty in 2020 to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the District of Utah and was sentenced to 70 months imprisonment and 36 months of supervised release.

In January 2019, Crum was convicted of misdemeanor Assault by Prisoner for assaulting another prisoner in Summit County, UT jail and causing a fractured cheek and nose, multiple cuts and abrasions, and swelling, and sentenced to seven days jail.

On April 24, 2024, jurisdiction of Crum's supervised release was transferred to the Northern District of California, before Senior United States District Judge Susan Ilston.  He is charged with numerous supervised release violations, which are now the subject of the instant Form 12 Petition.

## II.    The Instant Matters

### A.    The Form 12 Petition

On August 2, 2024, United States Probation filed an initial Form 12 Petition against Crum, alleging that he had violated the condition that he refrain from any unlawful use of a controlled substance, based on approximately nine (9) positive tests for substances including cannabinoids, cocaine, and fentanyl, and that he had violated the condition that he not commit another Federal, state, or local crime, based on his arrest for a July 31, 2024 incident in which he choked his girlfriend and struck her in the mouth, causing a loose tooth and bleeding.  Police observed dried blood on her lip, blood in Crum's vehicle, a bruise on her shoulder, redness on her neck, and a bruise on her chin.  Crum was arrested for a violation of California Penal Code ("PC") § 273.5(a) Corporal Injury to Spouse/Cohabitant, but it appears that case is not proceeding as the victim has refused to cooperate with prosecutors.

Crum was released to live with his brother, then briefly remanded, then released again to live with his brother, or failing that, to live in a Residential Reentry Center ("RRC"). Probation later amended the Form 12 Petition to add further charges including various other positive drug test violations, an incident in which Crum attempted to circumvent a drug test, and Crum leaving the RRC without authorization after staying approximately 10 days. Probation also added charges that Crum had committed new Federal, state, or local crimes, in relation to two November 2024 shoplifting incidents, including one in which Crum headbutted and kicked one employee, and headbutted another.

**B.      The Assault on a Deputy US Marshal**

On November 22, 2024, Crum appeared before Judge Ilston for a status hearing on the Form 12 Petition. The government moved for Crum's detention, Judge Ilston ordered him detained, and the matter was adjourned to December 6 for further status. Crum became combative and resistant with the Deputy US Marshals tasked with taking him into custody. During the process of Deputies attempting to transfer Crum from an elevator to a holding area, a Deputy attempted to secure Crum's legs and Crum kicked the Deputy in the head, causing visible injury.[1] Crum was indicted for one count of violating 18 U.S.C. 111(a)(1) – Assault on a Federal Officer based on this incident. That case was originally assigned to Judge Vince Chhabria under Case No. 3:24-CR-00589-VC, but has been deemed related to the preexisting Form 12 Proceeding and is now pending before Judge Ilston under Case No. 3:24-CR-00589-SI. This incident has also been added as charge to Crum's Form 12 Petition.

**LEGAL STANDARDS**

Different legal standards govern the detention decisions in these two matters. For the Form 12 Petition, Federal Rule of Criminal Procedure 32.1(a)(6) dictates that the defendant bears the burden, by clear and convincing evidence, of establishing that he will not flee or pose a danger to any other person or to the community. Fed. R. Crim. P. 32.1(a)(6); *see* 18 U.S.C. § 3143(a)(1).

For the Indictment, under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C.

---

[1] A photograph of the injury has been separately produced.

§ 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk–the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*.

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol use, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142 (g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The Rules of Evidence do not apply at a detention hearing.  18 U.S.C. § 3142(f)(2)(B).  It is well settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in an offense, the weight of the evidence against the defendant, and other relevant factors. See, e.g., *United States v. Salerno*, 481 U.S. 739, 743 (1987).

## ARGUMENT

Based on the foregoing, it is evident that: (I) Crum cannot satisfy his burden of establishing by clear and convincing evidence that he will not flee, or presents a danger to any other person or to the community; (II) clear and convincing evidence demonstrates that Crum in fact presents a danger to any other person or to the community that no condition or combination of conditions can reasonably mitigate; and (III) a preponderance of the evidence demonstrates that Crum presents a risk of flight that no condition or combination of conditions can reasonably mitigate.

## I.      Crum Cannot Satisfy His Burden

Crum is working against a presumption that he be detained in relation to the Form 12 Petition, and his criminal history and conduct in these matters make him woefully unable to meet his burden. He has a long history of violence and weapons possession, as described above. His violence has been both domestic, directed at strangers, and against another prisoner. He has been under Judge Ilston's supervision for approximately eight months, and in that time has repeatedly demonstrated his danger to others and to the community, and his either unwillingness or inability to comply with court orders. He assaulted his girlfriend, store employees, and a Deputy United States Marshal. He has repeatedly failed to abide by the conditions imposed upon him by Probation, by failing drug tests, attempt to evade a drug test, failing to stay in an RRC, and committing further crimes. These numerous failures demonstrate that Crum cannot clearly and convincingly establish he can be relied upon to satisfy the condition of appearing for all court proceedings. Far from there existing clear and convincing evidence that Crum is not a danger to another person or to the community and that he is not a risk of flight, there is in fact clear and convincing evidence that he is a danger, and at least a preponderance of evidence that he is a risk of flight.

## II.    There is Clear and Convincing Evidence that Crum is a Danger to Any Other Person and to the Community

Crum's 20-year criminal history reveals a repeated pattern of violence and dangerous conduct. He has a sustained petition for felony Battery and Assault with a Deadly Weapon, as well as a state conviction for felony weapons possession. The conduct underlying his 2020 federal Felon in Possession conviction is particularly troubling. It began with the discovery of his overturned vehicle. He was trapped inside and his female passenger had been ejected from the vehicle. There were drugs, body armor, three firearms – including a disassembled AR-15 – firearm magazines, and ammunition in the car.

Since coming under Judge Ilston's supervision, he has been arrested for assaulting his girlfriend, a charge for which there was ample evidence even if the victim refused to cooperate. Subsequent to that, he was arrested in part for assaulting employees at a store from which he was shoplifting. And less than a month ago, he assaulted a Deputy US Marshal who was trying to help effectuate Judge Ilston's

1  detention order.  Crum clearly and convincingly presents a danger to those around him, and those who

2  seek to ensure compliance with the law.

3  **III.    A Preponderance of the Evidence Demonstrates Crum is a Risk of Flight**

4       Separately, Crum is a flight risk because: (1) he has attempted to flee prosecution in the past and

5  has a history of ignoring the law and court-ordered conditions; and (2) there is a reasonable probability

6  of conviction in the Assault on a Federal Officer case.

7       Crum tried to flee from prosecution in his Utah case: he checked himself out of the hospital

8  against medical advice and was detained at a bus station.  He gave the police a false name and has used

9  another's identity in the past.  Since having his supervised release brought before Judge Ilston, he has

10 consistently evinced an unwillingness or inability to adhere to conditions imposed upon him.  He has

11 consistently failed drug tests, tried to evade at least one drug test, left an RRC after being ordered to stay

12 there, and committed various further crimes.  There is ample evidence, certainly beyond a

13 preponderance, that he is a flight risk.

14       Crum is also a significant flight risk because there is a reasonable probability of conviction in

15 the Assault on a Federal Officer case, and a provisional Sentencing Guidelines calculation indicates

16 significant prison exposure.  *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong

17 evidence of guilt "makes it more likely he will flee").  At least one witness observed Crum kick a

18 Deputy US Marshal in the head while he was trying to secure Crum's legs, and various witnesses

19 observed Crum being combative.  There was an observable injury on the victim's head, documented by

20 photographic evidence.

21                                    **CONCLUSION**

22   For the foregoing reasons, Crum cannot meet his burden of establishing by clear and convincing

23 evidence that he does not present a danger to any other person or the community, and that he is not a

24 flight risk.  Furthermore, there is no condition or combination of conditions that will reasonably ensure

25 the safety of any other person and of the community, nor ensure his appearance at court proceedings.

26 Accordingly, the Court should order Crum detained pending further proceedings for his Form 12

27 Petition, and pending trial for his Indictment.

28

1

2  DATED:  December 19, 2024                    Respectfully submitted,

3                                              ISMAIL J. RAMSEY
                                               United States Attorney
4

5                                              _/s/ Eli J. Cohen_____

6                                              ELI J. COHEN
                                               Special Assistant United States Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28